UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |
|---|---|
| NICOLE McCORMICK, JESUS ESTRADA and JUSTICE KIMMONS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) NO. |
| Plaintiffs, | ) ) ) |
| -against- | ) ) ) CLASS ACTION |
| AMERICAN CRUISE LINES, INC., | ) ) ) |
| Defendant. | )NOVEMBER 20, 2015 |

_____

## CLASS ACTION COMPLAINT

Plaintiffs, NICOLE McCORMICK, JESUS ESTRADA and JUSTICE KIMMONS bring this class action complaint against Defendant American Cruise Lines, Inc., ("ACL") to seek redress for themselves and other individuals similarly situated for violation of Connecticut wage and hour laws. They allege of their own knowledge and conduct, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs, individually and in their representative capacities, bring this action for violations of Connecticut's Wage and Hour Laws ("CWHL"). More specifically, it is alleged that they and members of the Class, as non-exempt employees, are entitled to recover unpaid compensation owed by AMERICAN CRUISE LINES, INC., ("ACL") to Plaintiffs and members of the Class for unpaid

1

minimum wages; for all unpaid overtime compensation for hours in excess of 40 in the workweek; for liquidated damages, costs and reasonable attorney's fees.

## PARTIES

2.    Plaintiff, NICOLE McCORMICK, is an individual presently residing in Glendale, Arizona 85301.

3.    Plaintiff, JESUS ESTRADA, is an individual presently residing in Glendale, Arizona 85301.

4.    Plaintiff, JUSTICE KIMMONS, is an individual presently residing in Houston, Texas 77090.

5.    ACL is a corporation created and existing under and by virtue of the laws of the State of Connecticut.

6.    ACL maintains its headquarters and principal place of business at 741 Boston Post Road, Suite 200, Guilford, CT 06437.

## JURISDICTION AND VENUE

7.    This Court has original jurisdiction over this class action pursuant to 18 U.S.C. § 1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs.

8.    Plaintiffs allege that the total claims of individual class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interests

and costs, as required by 28 U.S.C. §§ 1332(d)(2),(5).

9.      Plaintiffs are Citizens of Arizona and Texas. ACL is a Citizen of Connecticut. Thus, any member of the proposed class is a citizen of a state different than any Defendant.

10.     Diversity of citizenship exists under CAFA, as required by 28 U.S.C. §§ 1332(d) (5) (B).

11.     The total approximate number of members of the proposed Plaintiff Class is 1400 persons.

12.     Venue is proper in the United States District Court for the District of Connecticut under 28 U.S.C. §§ 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this district and ACL is subject to personal jurisdiction in this District.

## STATEMENT OF MATERIAL FACTS

12.     ACL owns, operates and controls a ship cruise line consisting of seven (7) ships, which cruise along the Eastern Seaboard, Western Seaboard (including Alaska) and rivers of the United States.

13.     ACL's per person fare includes passage, dining service, snacks, complimentary cocktail parties, and entertainment aboard the ship. Fares do not include most shore tours, port charges and fees, or gratuities.

14.     ACL operates ships built and registered in the United States. Additionally, all crew members and employees are Americans.

15.     ACL is an enterprise engaged in commerce or in the production of goods for commerce, and has employees that handle goods and materials that have been produced for and moved in commerce, with an annual gross volume of business exceeding $5,000,000.00.

16.     Plaintiff, NICOLE McCORMICK, was employed by ACL as a steward from approximately March 4, 2015 to March 29, 2015.

17.     Plaintiff, JUSTICE KIMMONS, was employed by ACL as a steward from approximately March 4 2015 to March 28, 2015.

18.     Plaintiff, JESUS ESTRADA, was employed by ACL as a galley steward from approximately March 3, 2015 to March 28, 2015.

19.     At all times material and relevant herein, ACL was the employer of Plaintiffs within the meaning of 29 U.S.C. §§201 et. seq.

20.     At all relevant times, ACL was the employer of Plaintiffs within the meaning of CWHL and the supporting Connecticut State Department of Labor regulations. (Conn. Gen. Stat. §§ 31-58 et seq).

21.     Plaintiffs' work assignments are issued from ACL'S Connecticut headquarters.

22.     All communications and complaints regarding employment are directed to and handled by ACL's Human Resources department in Connecticut.

23.     Wages received by Plaintiffs from ACL are drawn on a Connecticut bank.

4

24.     During each pay period, ACL issued a wage check to each Plaintiff and members of the Class, which contained withholding for Connecticut income tax which was paid to the Connecticut Department of Revenue Services and ACL paid Connecticut Unemployment Inaurance to the Connecticut Department of Labor. All payroll records are in their Guilford, CT headquarters and they are subject to audit at that location by the US Department of Labor.

25.     Plaintiffs and members of the class were taxed at the same rate as a Connecticut resident, taking into account the same exemptions and tax credits available to a resident at the same income level.

26.     At all relevant times, ACL possessed the authority and power to hire or terminate Plaintiffs.

27.     At all relevant times, ACL possessed the authority and power to control Plaintiffs' work schedules and conditions of employment.

28.     At all relevant times, ACL possessed the authority and power to determine the rate and method of the payment of wages to Plaintiffs and members of the Class.

29.     At all relevant times, ACL possessed the authority and power to determine that Plaintiffs and members of the Class were exempt from minimum wage and overtime compensation.

30.     At all relevant times, ACL possessed the authority and power to determine its overtime policy with respect to Plaintiffs and members of the class.

31.     At all relevant times, ACL possessed the authority and power to determine compensation day policies and kept and/or had unrestricted access to records regarding the employment of Plaintiffs and members of the Class.

32.     ACL willfully, intentionally and knowingly treated Plaintiffs and members of the Class who were stewards and galley stewards as exempt from the Minimum Wage and overtime compensation requirements of applicable CWHL wage and hour laws and regulations.

33.     ACL willfully, intentionally and knowingly treated Plaintiffs and members of the Class who were stewards and galley stewards as exempt under and pursuant to 29 USC 213(b)(6) and 29 CFR 783.36. (Maritime Employee "Seaman" Exemption).

34.     Plaintiff stewards and galley stewards and similarly situated members of the Class did not and do not qualify as exempt employees, as defined by applicable Federal and State regulations.

35.     The primary responsibilities of a steward include daily dining room set-up, serving and clean-up; daily stateroom  cleaning, housekeeping, bed making and bathrooms; lounge serving of beverages and snacks, stocking and cleaning; cleaning interior areas of the ship;and general customer service.

36.     The responsibilities of a steward do not include aiding in the operation, safety, repair, transportation or navigation of the vessel.  There are no engine room and/or mechanical system responsibilities.

37.     Stewards spend more than 90% of every work day engaged in activities described in paragraph 35.

38.     At all relevant times Plaintiff, NICOLE McCORMICK's primary work duties did not come within the ambit of being a "seamen" under FLSA § 13(b) (6).

39.     At all relevant times Plaintiff, JUSTICE KIMMONS' primary work duties did not come within the ambit of being a "seamen" under FLSA § 13(b) (6).

40.     Plaintiff, JESUS ESTRADA, was employed by ACL as a galley steward. The primary responsibilities of a galley steward include washing dishes and silverware used for passenger dining, keeping the galley clean, breaking down boxes and stocking the kitchens for preparation of passenger meals, trash removal and cleaning of trash cans; dry storage arrangement and inventory.

41.     The responsibilities of a galley steward do not include aiding in the operation, safety, repair, transportation or navigation of the vessel. There are no engine room and/or mechanical system responsibilities.

42.     Galley Stewards spend more than 90% of every work day engaged in activities described in paragraph 40.

43.     At all relevant times Plaintiff, JESUS ESTRADA'S primary work duties did not come within the ambit of being a "seamen" under FLSA § 13(b) (6).

44.     At all relevant times Plaintiff, NICOLE McCORMICK, worked at least 12 hours a day, 7 days a week. Most work weeks exceeded 84 hours.

45.    At all relevant times Plaintiff, JUSTICE KIMMONS, worked at least 12 hours a day, 7 days a week. Most work weeks exceeded 84 hours.

46.    At all relevant times Plaintiff, JESUS ESTRADA, worked at least 12 hours a day, 7 days a week. Most work weeks exceeded 84 hours.

47.    At all times material and relevant herein, ACL failed to keep full and accurate records of Plaintiff's' hours and wages, in violation of Connecticut General Statutes § 31-58(c).

48.    Pursuant to ACL'S   "12-7-12 Rule," Plaintiffs and members of the Class worked at least 12 hours a day, 7 days a week.

49.    ACL paid stewards $30.00 per day for 12-15 hours of work.

50.    ACL guaranteed stewards $290.00 in tips each week.

51.    For an 84 hour work week stewards received approximately $5.95 per hour.

52.    ACL paid galley stewards $35.00 per day for 12-15 hours of work.

53.    ACL guaranteed galley stewards $290.00 in tips each week.

54    For an 84 hour work week galley stewards received approximately $6.36 per hour.

55.    ACL failed to pay Plaintiffs and members of the Class, prevailing hourly minimum wage. The minimum wage in Connecticut was $9.15 per hour as of January 1, 2015.

56.    ACL is liable to Plaintiffs and members of the Class for unpaid minimum wages during their employment with ACL.

57     ACL never paid Plaintiffs or members of the Class overtime compensation for workweeks in excess of 40 hours.

58.    Pursuant to CWHL, an employee earning the minimum wage is required to receive $13.72 per overtime hour worked as of January 1, 2015.

59.    Pursuant to the CWHL, ACL is liable to Plaintiffs and members of the Class for unpaid overtime compensation, per work week, of at least 44 hrs. X $13.72= $603.68.

60.    ACL committed the foregoing wrongful acts knowingly, intentionally and willfully.

## CLASS ALLEGATIONS

61.    Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

62.    Plaintiff brings this action on behalf of themselves and all others similarly situated.  Plaintiffs seek to represent the following Classes:

(a)     *All current and former stewards employed by ACL during  the applicable statutory period, who were subjected to ACL's misclassification of them as exempt from Minimum Wage and overtime compensation  and thereby not paid Minimum Wage and overtime premiums for work  weeks  in excess of 40 hours.*

(b)      *All current and former galley stewards employed by ACL during  the applicable statutory period, who were subjected to ACL's misclassification of them as exempt from Minimum Wage and overtime compensation  and thereby not paid Minimum Wage and overtime premiums for work  weeks  in excess of 40 hours.*

63.    Plaintiffs are members of the Classes they seek to represent.

64.    Plaintiffs and the putative class are similarly situated in that they are all subject to ACL's common plan or practice of designating their work as stewards and galley stewards as "seamen" exempt work, when in fact they are non-exempt work under the law.

65.    As to Plaintiffs' claims for money damages, pursuant to Connecticut. Gen. Stat.§§ 31-58 et seq. the applicable wage and hours law under which class members worked, Plaintiffs sue on behalf of themselves and all other members of the above-defined class.  Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

66.    The class is so numerous that joinder of all members is impractical.  Upon information and belief, there are approximately 1400 members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of ACL and can be ascertained through appropriate discovery.

67.    There are questions of law and fact common to the class, including whether the "seamen" exemption under FLSA § 13(b) (6) is applicable to Plaintiffs and the Class.

68.    The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of ACL. Plaintiffs' legal claims are based on the same legal theories as the claims of the

putative class members.  The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiffs and to the class.

69.     The named Plaintiffs will fairly and adequately protect the interests of the class.  The Plaintiffs' claims are not antagonistic to those of the putative class and they have hired competent counsel skilled in the prosecution of class actions.

70.     Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

71.     To conduct this action as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS –MINIMUM WAGE VIOLATION OF CWHL)

72.     Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

73.     ACL violated the CWHL by failing to keep accurate records of all hours worked by the Plaintiffs. Connecticut. Gen. Stat. §§ 31-13a, 31-58(i).

74.     The minimum wage in Connecticut was $9.15 per hour as of January 1, 2015.

75.     ACL violated the CWHL by failing to pay Plaintiffs at the prevailing minimum wage for all hours worked.

76.    ACL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary, in bad faith and not the result of a good faith contest or dispute.

77.    By reason of these unlawful acts, ACL is liable to Plaintiffs for all unpaid prevailing minimum wage for each hour worked, liquidated (double) damages, prejudgment interest, attorney's fees and costs, and other relief available pursuant to CWHL.

## SECOND CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS –OVERTIME VIOLATIONS OF THE CWHL)

78.    Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

79.    ACL violated the CWHL by failing to compensate Plaintiffs for all hours in a workweek in excess of forty (40).

80.    ACL violated the CWHL by failing to compensate Plaintiffs at a rate of $13.72 for all hours in a workweek in excess of 40.

81.    ACL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

82.    By reason of these unlawful acts, ACL is liable to Plaintiffs for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to CWHL.

## THIRD CLAIM FOR RELIEF
### (CLASS CLAIMS –MINIMUM WAGE VIOLATION OF CWHL)

83.    Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

84.    ACL violated the CWHL by failing to keep accurate records of all hours worked by the Plaintiffs and members of the Class. Connecticut. Gen. Stat. §§ 31-58(c).

85.    The minimum wage in Connecticut was $9.15 per hour as of January 1, 2015.

86.    ACL violated the CWHL by failing to pay Plaintiffs and members of the Class at the prevailing minimum wage for all hours worked.

87.    ACL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary, in bad faith and not the result of a good faith contest or dispute.

88.    By reason of these unlawful acts, ACL is liable to Plaintiffs and members of the Class for all unpaid prevailing minimum wage for each hour worked, liquidated (double) damages, prejudgment interest, attorney's fees and costs, and other relief available pursuant to CWHL.

## FOURTH CLAIM FOR RELIEF
### (CLASS CLAIMS –OVERTIME VIOLATIONS OF THE CWHL)

89.    Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

90.    ACL violated the CWHL by failing to compensate Plaintiffs and members of the Class for all hours in a workweek in excess of forty (40).

91.     ACL violated the CWHL by failing to compensate Plaintiffs and members of the Class at a rate of $13.72 for all hours in a workweek in excess of 40.

92.     ACL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.     By reason of these unlawful acts, ACL is liable to Plaintiffs and members of the Class for all unpaid  overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to CWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and damages as follows:

(a)     A declaration that ACL'S practices alleged herein violate the provisions of Connecticut General Statutes Section 31-58 *et seq.;*

(b)     Judgment for unpaid minimum wages to which Plaintiffs and members of the Class are lawfully entitled pursuant to the provisions of Connecticut General Statutes Section 31-58 *et seq.;*

(c)      Judgment for unpaid overtime compensation to which Plaintiffs and members of the Class are lawfully entitled pursuant to Connecticut General Statutes Section 31-58 *et seq.;*

(d)     Judgment for liquidated and/or double damages pursuant to the Connecticut General Statutes Section 31-72 in an amount equal to twice the unpaid wages and overtime pay to which Plaintiffs and members of the Class are lawfully  entitled, but which were intentionally and wrongfully withheld by ACL.

(e)     An order directing ACL to pay Plaintiffs and members of the Class their

reasonable attorney's fees and all costs connected with this action.

(f)   Such other and further relief as this Court may deem just and proper.

<div style="margin-left: 40%;">

BROWN PAINDIRIS & SCOTT, LLP
By: _____/s/_____
Bruce E. Newman
747 Stafford Avenue
Bristol, CT 0601
Tel:  (860) 583-520
Fax:  (860)589-5780
Federal Bar No.:  12301
bnewman@bpslawyers.com


BLAU, LEONARD LAW GROUP, LLC
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com


*Attorneys for Plaintiffs*

</div>